## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| CHARLES BYRD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 10-CV-36 (HL) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on May 5, 2010, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) ; *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability benefits on January 18, 2007. (T-99-105). His claim was denied initially and upon reconsideration. (T- 46, 47). A hearing was held before an ALJ in Albany, Georgia on April 22, 2009. (T-14-45). Thereafter, in a hearing decision dated May 18, 2009, the ALJ determined that the Plaintiff was not disabled. (T- 6-13). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-1-5).

*Statement of Facts and Evidence*

The Plaintiff was fifty-two (52) years of age at the time of the ALJ's decision, and alleged disability since September 11, 2001, due to osteoarthritis and associated disorders. (T- 46). He completed high school and two years of trade school. (T- 20). The ALJ determined that the Plaintiff was engaged in substantial gainful activity during the period under consideration and thus was not disabled. (T - 11-13).

## DISCUSSION

Under the sequential evaluation process, as outlined at 20 C.F.R. § 404.1520, if the claimant is "doing substantial gainful activity, [the Commissioner] will determine that [the claimant is] not disabled. . . . If [the claimant is] working and the work [he is] doing is substantial gainful activity, [the Commissioner] will find that [the claimant is] not disabled". Thus, "[i]n evaluating disability, the [Commissioner] has directed that if one is engaged in substantial gainful activity 'we will find

that [the claimant is] not disabled *regardless* of [his] medical condition or [his] age, education, and work experience.'" *Powell v. Heckler,* 773 F.2d 1572, 1576 (11th Cir. 1985) (quoting 20 C.F.R. § 404.1520(b)).

The Social Security regulations provide that "[t]he work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level . . . Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did." 20 C.F.R. § 404.1571.

Pursuant to 20 C.F.R. § 404.1572,

"[s]ubstantial gainful activity is work activity that is both substantial and gainful:

(a) *Substantial work activity*. Substantial work activity . . . involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

"Among the factors to be considered [in determining whether work equals substantial gainful activity] are the time spent in the work; quality of the performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills and responsibilities; and whether the worker contributes substantially to the operation of the business." *Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991). For a self-employed individual, "[s]upervisory, managerial, advisory or other significant personal services" performed may show that the individual is "able to do substantial gainful activity." 20 C.F.R. § 404.1573(d). "You have engaged in substantial gainful

activity if you render services that are significant to the operation of the business and receive a substantial income from the business." 20 C.F.R. 404.1575 (a)(2)(i).

The ALJ herein determined that "[t]he claimant has steadily engaged in substantial gainful activity within the period under consideration, and has done so since early 1997". (T - 11). The ALJ concluded that "there is no doubt that the claimant has remained involved in the [family] business, even if he has not been as active as he once was. . . There has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity." (T - 12, 13). The Court notes that "the first step [in the sequential evaluation process] is designed to explore whether a claimant is doing or has done substantial gainful activity during her period of disability." *Engstrom v. Shalala*, 1995 WL 225940 *2 (N.D.Ill.).

The Plaintiff asserts that the ALJ erred in determining that his contributions to the operations of a family business amounted to substantial gainful activity. Plaintiff maintains that he effectively ceased working in the business in 2007 and that subsequent earnings were dividend payments and not the result of substantial gainful activity.

The ALJ reviewed the testimony from the Plaintiff and his wife, as well as their personal tax returns, business tax returns, and evidence of record regarding Plaintiff's activities within the business. (T - 11-12). According to the testimony and evidence of record, the Plaintiff formed a corporation with his wife in 1995, operating as "Kim's Fashions", and Plaintiff serves as the business' registered agent, chief executive officer and chief financial officer. The business operates as a retail clothing store and tanning bed service. Plaintiff testified that prior to 2001, he and his wife operated several stores, but that in 2001 they consolidated into one store. However, Plaintiff continued to receive the same salary after the stores were consolidated, in an amount equivalent to the salary paid to Plaintiff's wife. Tax returns show that the Plaintiff and his wife each earned salaries of $9600 per year for the tax years

2006-2008, in addition to earning profits from the business, for a total personal income derived from the business ranging between $38,000 and $60,000 each year.  Plaintiff and his wife assert that Plaintiff visits the store on occasion but has little to do with the operation of the business.

Plaintiff apparently agrees that his earnings and income levels, as revealed in his personal and business tax returns, establish presumptive substantial gainful activity.  *See* 20 C.F.R. § 404.1574; *Johnson*, 929 F.2d at 598 ("[e]arnings reported on income tax returns raise a presumption that the taxpayer was gainfully employed, but the presumption is rebuttable.").  However, Plaintiff argues that this presumption is overcome by evidence of his actual limited role in the business, which he describes as based on ownership and not participation. (Doc. 10, p. 3).  Based on his alleged inability to physically travel to the workplace any longer and decreased role in the daily operation of the business, the Plaintiff contends he has overcome the presumption of substantial gainful activity.

In finding that the Plaintiff had been engaged in substantial gainful activity during the period under consideration, the ALJ pointed to Plaintiff's February 2007 Function Report, wherein the Plaintiff  "acknowledged . . . that he checked in on the business by telephone each day, . . . that he went to the business several days a week to help out . . . made out the daily deposit slips for the business, took them to the bank, and went to the bank to obtain change when necessary". (T - 12). In concluding that the Plaintiff's involvement in the business was substantial gainful activity, the ALJ stated:

> After considering all the evidence, I find that the livelihood the claimant has been deriving from his business in recent years has been comparable to that which he had before he allegedly became disabled.  Moreover, the value of the services he has been rendering to his business has been worth the substantial income he has been deriving from the business. Furthermore, his income has been above the amount necessary to create a presumption of substantial gainful activity.  In addition, the claimant has not rebutted the presumption of substantial gainful activity in view of the experience, license and mental contributions he has provided to his

>business, notwithstanding his physical constraints.  See *Johnson v. Sullivan*, 929 F.2d 596 (11 Cir. 1991).

(T - 13).

The burden to prove that he is disabled, and was not engaged in substantial gainful activity during the period under consideration, is on the Plaintiff.  *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).  The ALJ herein properly evaluated the Plaintiff's activities in his family owned business and determined that his work was substantial gainful activity.  The Plaintiff's earnings establish a presumption of substantial gainful activity, which has not been overcome by the Plaintiff.  The ALJ properly found that the Plaintiff continued to receive the same salary after he allegedly reduced his services, that this salary was equal to that received by his wife, who remained active in the business, and that Plaintiff contributed daily services to the business as late as 2007.  The Plaintiff does not point to any portion of the record that reveals an increase in his physical or mental limitations after 2007.  Plaintiff continued to serve as registered agent, chief executive officer and chief financial officer for the business after the alleged onset of disability.  Additionally, as noted by the ALJ, Plaintiff continued to provide daily services to the business after the alleged onset date.  Based on the presumption of substantial gainful activity established by Plaintiff's earnings, and Plaintiff's failure to overcome this presumption, as well as evidence of the work actually performed by the Plaintiff since his alleged onset of disability date, the ALJ properly found that the Plaintiff had engaged in substantial gainful activity during the relevant period.  The ALJ's conclusion that the Plaintiff was engaged in substantial gainful activity during the period under consideration therefore is supported by substantial evidence.

## *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation

of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this  31st day of August, 2011.

           s/  *THOMAS Q. LANGSTAFF*

           **UNITED STATES MAGISTRATE JUDGE**

asb